IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

STATE OF TENNESSEE,

    Plaintiff,

vs.                                        No. 12-2716-STA-tmp

ABKA RE BEY a/k/a
TABITHA GENTRY,

    Defendant.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER CORRECTING THE DOCKET
ORDER OF PARTIAL DISMISSAL
AND
ORDER REMANDING CASE TO SHELBY COUNTY GENERAL SESSIONS COURT

---

On August 20, 2012, Defendant Abka Re Bey a/k/a Tabitha Gentry ("Gentry") filed a Notice of Removal pertaining to a criminal case that was pending against her in the General Sessions Criminal Court of Shelby County, Tennessee (the "Shelby County General Sessions Court"), accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)[1] On the basis of Gentry's

---

[1] The Clerk is directed to correct the docket to reflect Defendant's alias, which is found in the General Sessions Court file. (*See, e.g.*, ECF No. 1-1 at 2, 4, 6.)

The case also purports to be brought by Unas Sebkhet Re El a/k/a Darrin Fleming ("Fleming"). Fleming is not a proper party to this action because he is not a party to the underlying criminal case. The Clerk is directed to correct the docket to reflect Fleming's alias and is further directed to terminate him as a party to this action.

representation that she is unemployed with six children (ECF No. 2 at 5), the Court GRANTS leave to proceed *in forma pauperis*.[2]

As noted, Gentry was charged in the General Session court in case number 122044227 with disorderly conduct. That charge was disposed of by *nolle prosequi* on August 27, 2012.[3] Darrin Fleming was issued traffic citation M457275 at the same time Gentry was arrested (*see* ECF No. 1-3 at 2), but he has no 2012 case in the General Sessions Court.

The Notice of Removal, which is largely incomprehensible, asserts that Gentry is an Aboriginal Indigenous Moorish-American, notwithstanding her birth in the United States. (ECF No. 1 at 3.) An 1836 treaty between the United States and Morocco is alleged to have some bearing on this case. (Id.)[4] The General Sessions Court is alleged to be "an unconstitutional, private corporation, not delegated by Congress, under Article III, Section 2 of the Constitution . . . ." (Id. at 5.) The Notice of Removal purports to assert claims against the General Sessions Court, Officers Jones and Billington, Judge Anderson, and the General Assignment Bureau.

---

[2]   The Notice of Removal lists the plaintiffs as the Shelby County Court of General Sessions, Officer D. Jones #12136, Officer S. Billington #12016, Judge W. Anderson, Jr., and the General Assignment Bureau. (ECF No. 1 at 1; *see also id.* at 3-4 (listing the parties).) The only plaintiff to the criminal case against Gentry is the State of Tennessee. The Clerk is directed to correct the docket to reflect that the State of Tennessee is the sole plaintiff and to terminate the General Sessions Court, Officers Jones and Billington, Judge Anderson, and the General Assignment Bureau as parties to this action.

[3]   This information was obtained from the online case information for the General Sessions Court, at http://jssi.shelbycountytn.gov/. The booking numbers were 11139167 and 10741370.

[4]   The treaty would appear to be inapplicable here because, even if Defendant were assumed to be a Moor, she has not been killed or wounded. (*See id.*)

The prayer for relief seeks money damages. (*See* id. at 15-16.) Nothing on the face of the document provides any basis for removing the criminal case against Gentry.

There is no subject-matter jurisdiction over the action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[5] Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises.[6] A district court may address the issue of subject-matter jurisdiction of a removed case *sua sponte*. Probus v. Charter Communic'ns, LLC, 234 F. App'x 404, 406 (6th Cir. 2007). Although a district court may not remand a case *sua sponte* because of a procedural defect in the removal,

---

[5]   Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed 2d 391 (1994) (citations omitted); *see also* Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403, 57 L. Ed. 2d 274 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

[6]   *See, e.g.*, Ins. Corp. of Ireland, Ltd., 456 U.S. at 702, 102 S. Ct. at 2104 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L. Ed. 845 (1938); Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*").

Page v. City of Southfield, 45 F.3d 128, 132-33 (6th Cir. 1995), a *sua sponte* remand for want of subject-matter jurisdiction is permitted, Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet, 115 F. App'x 813, 816-17 (6th Cir. 2004).

The Notice of Removal does not assert any basis for removing this case but, instead, refers generally to "Title 28 § 1441 — § 1446 PROPER ARTICLE III JURISDICTION." (ECF No. 1 at 1.) Criminal cases may be removed in only limited circumstances, none of which are applicable here.[7]

Because this Court lacks subject-matter jurisdiction over the matter, the case is REMANDED to the Shelby County General Sessions Court. The Clerk is directed to close the case without entry of a judgment.

Pursuant to 28 U.S.C. § 1447(d), orders remanding a case to state court for want of subject-matter jurisdiction are not appealable.

The Clerk is directed, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the Clerk of the Shelby County General Sessions Court.

IT IS SO ORDERED this 7th day of January, 2013.

**s/S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[7] *See* 28 U.S.C. §§ 1442(a), 1442a, 1443.